UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTOPHER CRENSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:13-CV-410 |
| | ) | (COLLIER/SHIRLEY) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 19], filed on January 2, 2014, and the Plaintiff's Amended Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 21], filed on January 14, 2014.[1] The Plaintiff requests the Court enter an Order awarding attorney fees in the amended amount of $2,655.70 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1).

**I.    BACKGROUND**

On October 30, 2013, the Plaintiff filed a Motion for Judgment on the Pleadings [Doc. 14]. The parties subsequently filed a Joint Motion for Entry of Judgment with Remand under Sentence Four of 42 U.S.C. § 405(g) [Doc. 17] on December 4, 2013. On December 9, 2013,

---
[1] The Court notes that the only difference between the Plaintiff's first motion for EAJA fees and his amended motion is the requested hourly attorney rate. The Plaintiff originally asked that the attorney rate be set at $143.87/hour [Doc. 20 at 5]. The amended motion adjusts the attorney rate to $179.00/hour [Doc. 22 at 5].

1

United States District Judge Curtis Collier entered an Order [Doc. 18] granting the parties' joint motion for a sentence four remand. A Judgment [Doc. 24] was entered by the Clerk of Court on January 30, 2014.

## II. ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

> 1. Plaintiff must be a prevailing party;
>
> 2. The Commissioner's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist; and
>
> 4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

### A. Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Thus, the Court finds the first condition for granting fees under the EAJA has been met.

### B. The Commissioner's Position Was Without Substantial Justification

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has

stated that she does not oppose Plaintiff's request for EAJA attorney fees, and has thereby conceded that the Commissioner's position in this matter was not substantially justified. [Doc. 23].

Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

C.   **There are No Special Circumstances Affecting an Award of Attorney's Fees**

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds that the third condition for granting fees under the EAJA has been met.

D.   **The Plaintiff's Request for an Award of Fees is Timely**

On January 2, 2014, the Plaintiff moved for an award of EAJA fees [Doc. 20] and subsequently amended his request for a total fee amount of $2,655.70[1] [Doc. 22] on January 14, 2014. The motion included a proper application for fees and the original motion was filed within 30 days of the final judgment in this matter.

Thus, the Court finds that the fourth condition for granting fees under the EAJA has been met.

E.   **The Court Finds that the Fees Requested Are Reasonable**

Further, the Commissioner has no opposition to Plaintiff's request for attorney fees and

---

[1] The total fee amount represents Plaintiff's claim for 13.3 attorney hours at $179.00 per hour and 5.5 paralegal hours at $50.00 per hour. [Doc. 22 at 5].

3

has conceded that the Plaintiff is entitled to $2,655.70 in attorney fees [Doc. 23].

The Court has considered the amount requested, and the Court finds that the fees requested are reasonable.

## III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's amended motion is well-taken. It is hereby **RECOMMENDED**[2] that the Plaintiff's Motion for Attorney Fees under Equal Access to Justice Act, 28 U.S.C. § 2412(d) [**Doc. 19**] be **DENIED as moot**, the Plaintiff's Amended Motion for Attorney Fees under Equal Access to Justice Act, 28 U.S.C. § 2412(d) [**Doc. 21**], be **GRANTED**, and a judgment awarding Plaintiff[3] the amount of $2,655.70 for attorney fees be entered.

Respectfully submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

[3] The Court notes, as cited by the Commissioner [Doc. 23], that the EAJA award is properly payable to the Plaintiff, as opposed to Plaintiff's counsel. See Sisk v. Comm'r of Soc. Sec., No. 1:09-cv-220, 2011 WL 796780, at *1 (E.D. Tenn. Feb. 8, 2011) (stating that "[a]lthough it appears that [p]laintiff has assigned her right to any fee award to her attorneys, the fee award is payable directly to [p]laintiff") adopted by 2011 WL 796756, at *1 (E.D. Tenn. Feb. 28, 2011); see also Vanderlaan v. Comm'r of Soc. Sec., No. 1:10-cv-858, 2011 WL 4479453, at *2 (W.D. Mich. Sept. 8, 2011) ("Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not her attorney, and the Court declines to disregard such clear and controlling direction.") adopted by 2011 WL 4479444, at *1 (W.D. Mich. Sept. 27, 2011).